UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Mark Mendoza, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| Water Tower Hotel, LLC f/k/a Ritz-Carlton Water Tower, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Water Tower Hotel, LLC f/k/a Ritz-Carlton Water Tower ("Defendant"), by and through its attorneys Fisher & Phillips LLP, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits this Notice of Removal to transfer this cause from the Circuit Court of Cook County, Illinois (which is now pending as Case No. 2020 CH 07303) to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant states as follows:

1. On or about December 16, 2020, Plaintiff Mark Mendoza ("Plaintiff") filed a Complaint in the Circuit Court of Cook County captioned as follows: *Mark Mendoza, individually and on behalf of all similarly situated individuals, v. The Ritz-Carlton of Chicago, Inc. and The Ritz-Carlton Hotel Company, LLC*, Case No. 2020 CH 07303 ("State Court Action"). Two days later, Plaintiff filed a "Motion For Class Certification And Memorandum In Support" ("Class Certification Motion"). On January 29, 2021, Plaintiff filed a Motion For Leave to file an Amended Complaint ("Motion for Leave") eliminating the originally-named defendants and naming Water Tower Hotel, LLC f/k/a Ritz-Carlton Water Tower as the sole defendant. On February 8, 2021, the Judge in the State Court Action granted Plaintiff's Motion for Leave. A day later, Plaintiff filed his Amended Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of the

1

Summons, Complaint, Class Certification Motion, Motion for Leave, Order granting Motion for Leave, Amended Class Certification Motion and Amended Complaint of the State Court Action is attached hereto as Exhibit A.

2. Through a waiver of service, Defendant was served with the Amended Complaint in the State Court Action on February 10, 2021. Defendant is filing this Notice of Removal within thirty (30) days of service of the Amended Complaint upon it. Pursuant to 28 U.S.C. 1446(b), Defendant's time to remove has not yet expired and Defendant's Notice of Removal is timely.

3. Aside from Defendant waiving service, neither Defendant or either of the originally-named defendants has taken any action in the State Court Action.

## This Court Has Federal Question Jurisdiction

4. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1331 based upon a federal question presented in the State Court Action.

5. Plaintiff has alleged a cause of action pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq.* ("BIPA"). *See* Ex. A, Amended Complaint. Specifically, Plaintiff alleges that Defendant violated BIPA through the use of a fingerprint scanner connected to Defendant's timekeeping and payroll system. Ex. A, Amended Complaint ¶¶ 9-13 and 30-31.

6. As discussed in *Sarauer v. International Association of Machinists and Aerospace Workers, District No. 10*, 966 F.3d 661, 669 (7th Cir. 2020):

> [A] state law claim ordinarily cannot be removed, even if it is defeated by a federal defense, because the federal question supporting jurisdiction must appear on the face of the plaintiff's properly or "well-pleaded" complaint. Congressional intent to prohibit a state law cause of action is thus not sufficient to create federal subject-matter jurisdiction. But congressional intent to displace a state law cause of action—such that there is "no such thing as a state-law claim" for violation of the right asserted, only a

>federal one—is sufficient to create federal jurisdiction. The state law claim is then said to be "completely pre-empted" and "is considered, from its inception, a federal claim."

*Sarauer,* 966 F.3d at 669 (citations omitted).

7. "The Seventh Circuit has concluded that BIPA claims based on biometric time clocks are properly subject to complete preemption." *Darty v. Columbia Rehabilitation and Nursing Center, LLC*, 468 F.Supp.3d 992, 995 (N.D. Ill. 2020), *citing Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903-904 (7th Cir. 2019). "[D]istrict courts in this circuit have uniformly followed *Miller* and found that BIPA claims from unionized employees are preempted by federal labor law." *Gil v. True World Foods Chicago, LLC*, 2020 WL 7027727, *2 (N.D. Ill. 2020). "[W]hether the CBA management rights clause gave rise to consent regarding biometric data is a question for an adjustment board." *Williams v. Jackson Park, SLF, LLC*, 2020 WL 5702294, *3 (N.D. Ill. 2020), *citing Miller v. Southwest Airlines, Co.*, 926 F.3d 898, 903 (7th Cir. 2019) (noting that Section 301 of the Labor Management Relations Act preempts a state law if resolution of the claim "requires the interpretation of a collective bargaining agreement."); *see also Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996) ("If the resolution of a state law claims depends upon the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute.").

8. Throughout Plaintiff's employment with Defendant, Plaintiff was a union member in the Unite Here, Local 1 (the "Union"). Declaration of Renee Dews Sykes, attached as Exhibit B, ¶ 5. The Union entered into a collective bargaining agreement with Defendant that included a management rights provision. Exhibit B, Sykes Declaration, ¶ 6; and Agreement between Chicago Joint Executive Board of the Unite Here, Local 1 & Unite Here, Local 450 and The Ritz Carlton

Water Tower d/b/a The Ritz Carlton Hotel, attached as Exhibit C, Section 12. Because the interpretation of the management rights provision is integral to Plaintiff's Amended Complaint, the Amended Complaint is completely preempted and the Court has federal question jurisdiction concerning this matter. *See Darty*, 468 F.Supp.3d at 995; *Gil*, 2020 WL at *2; *Williams*, 2020 WL at *3; and *Atchley*, 101 F.3d at 499.

9. For these reasons, this cause of action has been properly removed in its entirety to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

10. Removal is proper to the United States District Court for the Northern District of Illinois, because this federal district encompasses Cook County, Illinois, where State Court Action was filed.

11. This Notice of Removal is filed by Defendant, the sole defendant to the Amended Complaint. The consent of the originally-named defendants to this Notice of Removal is not required as Plaintiff voluntarily dismissed them from the State Court Action. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (a defendant dismissed from the suit prior to removal can no longer be removed to federal court and its consent not needed) (overruled on other grounds); *see also Simmons ex rel. Simmond v. COA, Inc.*, 2012 WL 1947172, *2 (N.D. Ind. 2012) (recognizing that removal does not require the consent of dismissed or nominal defendants).

12. Defendant states that a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Cook County, Illinois, promptly after Defendant has filed this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

Dated: February 16, 2021                                Respectfully submitted,


                                                        */s/ Kevin S. Simon*
                                                        One of the Attorneys for Defendant

Kevin S. Simon
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
ksimon@fisherphillips.com
fwolf@fisherphillips.com

5

## **CERTIFICATE OF SERVICE**

I certify that, on February 16, 2021, I served the foregoing Notice of Removal by First Class U.S. mail, postage pre-paid, and email, upon:

Thomas R. Kayes
Law Offices of Thomas R. Kayes, LLC
2045 W. Grand Avenue, Suite B, PMB 62448
Chicago, Illinois 60612
tom@kayes.law

Frank Castiglione
Kasif Khowaja
The Khowaja Law Firm LLC
8 S. Michigan Avenue, Suite 2600
Chicago, Illinois 60603
fcastiglione@khowajalaw.com
kasif@khowajalaw.com

J. Dominick Larry
Nick Larry Law LLC
8 S. Michigan Avenue, Suite 2600
Chicago, Illinois 60603
nick@nicklarry.law

Dated: February 16, 2021            Respectfully submitted,

                                      */s/ Kevin S. Simon*
                                      One of the Attorneys for Defendant

Kevin S. Simon
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
ksimon@fisherphillips.com
fwolf@fisherphillips.com